UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN T. [1]                                                      Case No. 2:23-cv-2947

      Plaintiff,
v.                                                                        Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

      Defendants.

**MEMORANDUM OF OPINION AND ORDER**

Plaintiff John T. filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. § 405(g). The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c). Proceeding through counsel, Plaintiff presents four claims of error, all of which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability is REVERSED and REMANDED, because it is not supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

Plaintiff applied for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on January 17, 2019. His application was denied initially and upon reconsideration. (Tr. 188-90, 195-201). After a hearing, the ALJ issued an unfavorable decision, dated February 9, 2021, finding that Plaintiff was not under a disability as defined in the Social Security Act (Act). (Tr. 194-218). Plaintiff appealed the ALJ decision,

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

and the Appeals Council issued an order remanding this case to the agency for further administrative proceedings. Thereafter, a video hearing was held on June 10, 2022 before an ALJ. On July 6, 2022, the ALJ issued a written decision, concluding that Plaintiff was not disabled. (Tr. 14-44).

Plaintiff was born on September 18, 1968, and was 52 years old at the time of the initial hearing. (Tr. 75). He has a high school education and has past relevant work as a Commercial Cleaner, Sales Clerk and Baker. (Tr. 32).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease; and hypertension." (Tr. 20). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following limitations:

> He can frequently climb ramps and stairs; occasionally climb ladders, ropes or scaffolds; frequently balance, stoop, kneel, crouch, and crawl; occasional exposure to hazards, such as unprotected heights and commercial driving.

(Tr. 24).

Based upon the RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could perform his past relevant work as a sales clerk in the food industry as well as other jobs appearing in significant numbers in the national economy including, marker, sorter and mail clerk. (Tr. 31-33). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's

decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by (1) failing to properly evaluate Plaintiff's subjective complaints; (2) failing to properly consider Plaintiff's amended onset date of disability; (3) failing to adequately evaluate Plaintiff's need for an assistive device or wheelchair; (4) failing to properly evaluate the opinion evidence and (5) failing to properly consider Plaintiff's mental impairments. Upon close analysis, I conclude that Plaintiff's fifth assignment of error to be well-taken and dispositive.

I. Analysis

A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial

evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an

4

impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is not supported by Substantial Evidence**

Plaintiff argues that the ALJ erred by failing to find any mental health impairment at step-two of the sequential evaluation and by failing to include any mental limitations in his RFC determination. The undersigned agrees.[2]

For an impairment to be "severe," it must be expected to last more than 12 months and more than "minimally" affect a claimant's work ability. See 42 U.S.C. § 423(d)(1)(A); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) ("an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience"). In the step two finding, the ALJ noted that Plaintiff also had several impairments that were found to be non-severe. (Tr. 22-23). However, the ALJ found that there is no evidence that any of Plaintiff's non-severe impairments imposed more than minimal functional limitations on the Plaintiff's ability to perform work related activity.

Regardless, even if the Court found the ALJ erred, errors at step two of the sequential analysis will not necessarily require reversal, if the ALJ finds at least one "severe" impairment and therefore continues with the remaining steps in the sequential process. That is because in determining a plaintiff's residual functional capacity and ability to work later in the sequential process, the ALJ must consider even the impairments found not to be "severe" at step two. *See Maziarz v. Secretary of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); 20 C.F.R. § 404.1520. Thus, regulations require an

---

[2] Finding error in the ALJ's analysis of Plaintiff's mental health impairments, the undersigned will not address the merits of the remaining alleged errors and, instead, instructs the ALJ to address all of them on remand.

ALJ to "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe, in determining [the claimant's] residual functional capacity. Pain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone...." 20 C.F.R. § 404.1545(e).

Notably, the ALJ noted that Plaintiff's medically determinable mental impairments of depression and anxiety, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe. (Tr. 19).

In so concluding, the ALJ considered the broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments, known as the "paragraph B" criteria. In this regard, the ALJ determined that Plaintiff had no limitations in understanding, remembering, or applying information, and no limitation in interacting with others. (Tr. 20). The ALJ found that Plaintiff had "mild" (i.e., not indicative of severe impairment) limitations in the other two areas – concentration, persistence, and pace; and adapting or managing oneself. In making these findings, the ALJ cited to generally normal mental findings from treatment notes, consultative examinations and uncontroverted opinion evidence. Namely, the state agency psychologists reported that Plaintiff has no more than mild limitations in any of the functional areas of mental functioning. They further opined that Plaintiff's mental health impairments are non-severe and that she has no more than mild limitations in any mental health area. (Tr. 20, 86, 96).

The ALJ found "severe" impairments including degenerative disc disease and hypertension and therefore proceeded through the five-step sequential analysis. Even if there was an error, then, the ALJ's failure to consider Plaintiff's mental impairments as "severe" at Step 2 of the sequential analysis, will not necessarily require reversal or remand, so long as the ALJ also reasonably considered all the impairments (severe and non-severe) in determining Plaintiff's RFC. The ALJ failed to do so here.

Despite the ALJ's discussion of Plaintiff's mental health issues at Step Two; the RFC does not have any mental limitations, and the ALJ does not explain why no limitations are present.  Notably, in formulating Plaintiff's RFC, the ALJ found Dr. Rivera, a state agency psychiatric medical consultant's finding, to be persuasive.  Dr. Rivera opined that the Plaintiff mental impairments were non-severe, stating that the claimant had no limitations understanding, remembering or applying information, and mild limitations in the three other areas of mental functioning. (Tr. 30). The ALJ found that Dr. Rivera's findings were consistent with the medical evidence and as such he found that Dr. Rivera's assessment of mild limitations in interacting with others and adapting or managing himself was supported by the record. (Tr. 30). [3]

However, and in contrast to the extensive discussion of physical impairments (Tr. 24-31), missing from the ALJ's decision is *any* discussion of either how those mild mental

---

[3] The ALJ also considered the opinion of Patricia Baily, Psy.D., but was "not persuaded" by her opinion. (Tr. 31). Dr. Baily opined that the claimant had marked limitations in the following areas: understanding, remembering and carrying out complex instructions; make judgments on complex work-related decisions; interact appropriately with the public, coworkers and supervisors; and respond appropriately to situations and changes in a routine work setting.  Dr. Baily further opined that the claimant had moderate limitations understanding, remembering and carrying out simple instructions and making judgments on simple work-related decisions.  The ALJ determined that the medical evidence does not show such significant mental limitations. Id.

health problems are incorporated into the RFC, or why they did not need to be. The Court cannot trace the ALJ's reasoning from the analysis of the psychological sources to the absence of mental limitations in the RFC. In other words, the ALJ failed to build "an accurate and logical bridge" from the evidence of record to her findings. *See, Richardson*, 511 F. Supp. 3d at 799 (emphasis added) ("Perhaps the ALJ rationally believed the functional limits had no impact on Richardson's work ability. Certainly, not every mild or moderate limitation signifies a compromised work ability. [But, t]he Court simply cannot discern this because the ALJ did not in any way address the matter. *Meaningful review requires more.*"). The Court sees no reason why remand is not appropriate here.

The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process *requires a more detailed assessment.*"  That detailed assessment did not happen here. Thus, the ALJ's Step Four determination that Plaintiff could return to past relevant work is not supported by substantial evidence, and reversal of the non-disability decision is warranted.

### III. Conclusion and Order

A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place*." Faucher*, 17 F.3d at 175. All essential factual issues have

not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of his alleged onset date. *Faucher*, 17 F.3d at 176.

Accordingly, **IT IS ORDERED THAT** Defendant's decision be **REVERSED AND REMANDED** under sentence four for further proceedings consistent with this opinion.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge